# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CAROL JENKINS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 18-CV-1163-G-BK |
| | § | |
| OCWEN LOAN SERVICING LLC, | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| CO., AND POWER DEFAULT SERVICES | § | |
| INC., | § | |
| DEFENDANTS. | § | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the United States magistrate judge for pretrial management. Now pending before the Court is *Defendants' Motion to Dismiss*, Doc. 4. For the reasons that follow, it is recommended that the motion be **GRANTED** in part.

### A. Procedural Background

In April 2018, Plaintiff, through counsel, filed a petition in state court against Defendants seeking to prevent the impending foreclosure of her home (the "Property"). In addition to challenging Defendants' authority to foreclose, she alleged: (1) violations of the Texas Debt Collection Act ("TDCA") sections 392.301(a)(8), 392.303(a)(2), 392.304(a)(8) and 392.304(19); (2) violation of Texas Property Code section 51.002(b)&(d), which requires certain notices prior to a non-judicial foreclosure sale; and (3) breach of contract, namely the deed of trust ("DOT") securing the finance of the Property's purchase. Doc. 1-4 at 4-8. Plaintiff sought injunctive and declaratory relief. Doc. 1-4 at 8-9. After the state court granted Plaintiff's motion for a temporary

restraining order, Doc. 1-5 at 1-4, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and

Deutsche Bank National Trust Company ("Deutsche") (collectively, "Defendants") removed the

case to this Court based on diversity jurisdiction. Doc. 1 at 3, 9-10. Defendants filed the instant

motion to dismiss shortly thereafter. Doc. 4.

### B. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does

not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's

complaint should "contain either direct allegations on every material point necessary to sustain a

recovery . . . or contain allegations from which an inference may fairly be drawn that evidence

on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d

973, 975 (5th Cir. 1995) (quotation omitted).

When considering a Rule 12(b)(6) motion, a court may consider documents outside the

complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint;

and (3) central to the plaintiff's claims. I*n re Katrina Canal Breaches Litig*., 495 F.3d 191, 205

(5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without

converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott,*

*M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011*)* ("Generally, a court ruling on a

12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into

the complaint by reference, and matters of which a court may take judicial notice.") (citation and

quotation marks omitted).

2

### C. Parties' Arguments and Analysis

*1. Subject Matter Jurisdiction*

Before considering whether dismissal based on Defendants' motion is appropriate, the

Court has an independent duty to first determine whether it has subject matter jurisdiction.

*Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The record reflects that: (1)

Plaintiff is a citizen of Texas; (2) Ocwen is a citizen of the Virgin Islands; and (3) Deutsche is a

citizen of California. Doc. 1 at 8-9. Plaintiff alleges that Defendant Power Default Services, Inc.

("Power Default") is a Delaware corporation doing business in Texas. Doc. 1-4 at 1. As such, the

parties are not completely diverse.[1]  Ocwen and Deutsche, however, urge the Court to disregard

Power Default's citizenship in assessing jurisdiction because Plaintiff only named that entity in

her case caption, and the body of her complaint contains no reference to Power Default except its

contact information. Doc. 1 at 3-8.

 Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to

federal court if the action originally could have been brought in federal court. 28 U.S.C.

§§ 1441(a) , (b). A federal district court has original jurisdiction of an action between citizens of

different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1).

Thus, a state case involving opposing parties from different states is removable. 28 U.S.C.

§ 1441. The Court considers only the citizenship of real and substantial parties to a controversy,

however, and may disregard nominal or formal parties who have no real interest in the dispute at

---

[1] There is no dispute that the amount in controversy requirement has been satisfied. Doc. 1 at 9-10; Doc. 1-4 at 2.

hand. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc*., 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted). Only the latter ground is at issue in this case. To support removal on that basis, it must be demonstrated that that there is no possibility that the plaintiff can state a claim against the non-diverse defendant. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002).   To that end, the district court must conduct a Rule 12(b)(6)-type analysis, applying the federal pleading standard rather than the state pleading standard. *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Group, Ltd.*, 18 F.3d 193, 202 (5th Cir. 2016). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (holding that a "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal.").

Under the circumstances here, the Court readily concludes that Power Default is a nominal party. Plaintiff never served the petition on Power Default, and that entity has never appeared in this case. Additionally, Plaintiff's petition is wholly devoid of any substantive facts with respect to Power Default. As such, Plaintiff has failed to state a claim against Power Default sufficient to survive a Rule 12(b)(6) inquiry. Because Power Default was improperly joined, its

citizenship should be disregarded, and the Court should retain subject matter jurisdiction over the case.

### 2. Plaintiff's Challenge to Defendants' Authority to Foreclose

As an initial matter, Plaintiff claims in her petition that Deutsche does not have the capacity as "mortgagee" to appoint substitute trustees or foreclose on the Property because: (1) the assignment of the DOT and note (the "Assignment") to Deutsche, via Mortgage Electronic Registration Systems ("MERS"), did not name WMC Mortgage Corporation ("WMC") as the lender; and (2) Deutsche did not use "the same name" as that listed in the Assignment in various other notices it sent to Plaintiff. Doc. 1-4 at 3-4.

Defendants respond that the Assignment to Deutsche was proper because the Assignment expressly states that MERS, when assigning the DOT to Deutsche, was acting as nominee for WMC Mortgage Corporation. Doc. 5 at 9. Accordingly, Deutsche contends that, as trustee and assignee of the DOT, it is the mortgagee of record and thus had the authority to initiate foreclose proceedings on the Property. Doc. 5 at 9. Further, Defendants assert that Ocwen, as Deutsche's mortgage servicer, has the authority to notice the foreclosure sale and appoint substitute trustees. Doc. 5 at 9-10.

A review of the relevant documents supports Defendants' position. First, the DOT, which Plaintiff signed in 2005, listed the "lender" as WMC. Doc. 6-1 at 1, 16. The DOT specified that MERS, as nominee for "Lender and Lender's successors and assigns," was the beneficiary under the DOT. Doc. 6-1 at 2. In December 2006, Plaintiff obtained a loan modification agreement (the "Loan Modification") which listed Deutsche as the trustee and MERS as the "mortgagee of record," and "current holder of the Note and [DOT]." Doc. 6-2 at 1. In the Assignment, dated

April 25, 2016, Deutsche is listed as assignee and MERS is listed as assignor "solely as nominee for [WMC]." Doc. 6-3 at 1. Thus, MERS had the capacity to assign the DOT to Deutsche and, thereafter, Deutsche, as trustee and as assignee of the DOT, had the authority to initiate foreclosure proceedings concerning the Property. *See Wiley v. Deutsche Bank Nat'l Trust Co., 539 Fed. App'x 533, 537 (5th Cir. Sept. 6, 2013)* (per curiam) (holding that transfer of a DOT from its beneficiary, MERS, to Deutsche, as trustee, gave Deutsche the authority to foreclose).

　　Also meritless is Plaintiff's claim that the Deutsch entity named in the Assignment is not the same as the name of the Deutsche entity which was a signatory to the Loan Modification and the notice of trustee sale. *Compare* Doc. 6-3 at 1 *with* Doc. 6-4 at 1. The Assignment and notice of trustee's sale each refer to Deutsche as "Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1." While the Loan Modification refers to Deutsche in slightly different language, that is a distinction without a difference given that all the documents identify the same trustee and same trust. *See* Doc. 6-2 at 5 (referring to Deutsche as "Deutsche Bank National Trust Company as trustee under the Pooling and Servicing Agreement dated as of September 1, 2005, GSAMP Trust 2005-WMC1").

　　*3. Violations of the Texas Property Code Section 51.002 and Wrongful Foreclosure*

　　Defendants next assert that Plaintiff's allegations that they violated the Texas Property Code fails because there is no private right of action under section 51.002. Doc. 5 at 10. To the extent that a violation of section 51.002 can be asserted to support a claim for wrongful foreclosure, Defendant contends that such cause of action is unavailable here because the Property has not yet been foreclosed on. Doc. 5 at 10-11. Plaintiff does not directly respond to

Defendants' argument that the Property Code cannot sustain her action, but she asserts that attempted wrongful foreclosure provides her a viable claim. Doc. 11 at 2-3.

As correctly noted by Defendants, section 51.002 provides no private cause of action. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (citation omitted); *Ashton v. BAC Home Loans Serv., L.P.*, No. 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013). Thus, Plaintiff's claim, if any, would sound in wrongful foreclosure. *See Foster v. Deutsche Bank Nat'l Tr. Co*., 848 F.3d 403, 406 (5th Cir. 2017) (per curiam) (citing *Marsh* for the proposition that a trustee's failure to comply with the notice provisions of section 51.002 yields only a cause of action for wrongful foreclosure). Plaintiff states in her petition that she resides at the Property, describes Defendants' threats to foreclose, and obtained a restraining order in state court to bar any foreclosure sale. Doc. 1-5 at 2-9. Because no foreclosure sale has occurred, her construed wrongful foreclosure claim fails. *Foster*, 848 F.3d at 406. Further, the United States Court of Appeals for the Fifth Circuit has explicitly rejected the argument that Plaintiff can assert a claim of wrongful attempted foreclosure. *See id.* at 406-07 ("courts in Texas do not recognize an action for attempted wrongful foreclosure.") (citations omitted).

*3. Breach of Contract*

Defendants next argue, *inter alia*, that Plaintiff's breach of contract claim fails as a matter of law because she breached the DOT by not performing her contractual obligations. Doc. 5 at 11-12. Plaintiff responds that Defendants' failure to abide by the provisions of the Texas Property Code constitutes a breach of the DOT. Doc. 11 at 5-6.

Plaintiff does not allege that she complied with the terms of the DOT by timely making her mortgage payments as would be required for her to state a claim for breach of contract. *See*

*Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014) (noting that one of the elements of a claim for breach of contract is performance or tender of performance by plaintiff). Indeed, implicit in Plaintiff's pleadings is the admission that she failed to make mortgage payments as required. A party who has breached a loan agreement by failing to make mortgage payments has no plausible claim for breach of contract. *Prather v. CitiMortgage, Inc.*, No. 4:18-CV-668-A, 2019 WL 131853, at *3 (N.D. Tex. Jan. 8, 2019) (McBryde, J.) (citing cases). As such, Plaintiff's breach of contract claim should be dismissed. *See also id.* (holding that purported violations of statutory provisions do not constitute breach of a DOT).

   *3. Texas Debt Collection Act*

   a. Pleading Damages

   As an initial matter, Defendants assert that Plaintiff cannot sustain any of her TDCA claims because she has not "prove[d] that she suffered an actual, foreseeable injury." Doc. 5 at 20. The TDCA generally requires a showing of actual damages for a plaintiff to receive a monetary award other than attorney's fees. Tex. Fin. Code § 392.403(a). But Defendants filed this motion to dismiss pursuant to Rule 12(b)(6), and Plaintiff thus is not required to "prove" actual damages at this stage. *In re Trevino*, 535 B.R. 110, 144 (S.D. Tex. 2015). The Court need only review her petition to determine whether it can withstand a Rule 12(b)(6) motion. Plaintiff stated in her petition that she suffered actual damages as a result of Defendants failing to properly account for her payments and demanding that she pay Defendants additional sums that she did not owe. Doc. 1-5 at 7. The Court concludes that Plaintiff has satisfied the general pleading requirements for damages.

8

b. Texas Financial Code Section 392.301(a)(8)

This section prohibits a mortgage servicer from attempting to recover an outstanding loan by threatening to take an action prohibited by law. Defendants argue that Plaintiff's claims under this section fail because foreclosure or the threat thereof is not prohibited by section 392.301(a)(8) when a mortgagor has defaulted on the mortgage as is the case here. Doc. 5 at 13-14. In response, Plaintiff contends that Defendants did indeed violate "applicable law" by: (1) issuing notices of trustee's sale, and/or (2) failing to give the statutorily required notice to Plaintiff in violation of the Property Code. Doc. 11 at 5-6.

While section 392.301(a)(8) prohibits mortgage servicers from threatening to take an action prohibited by law, "foreclosure, or the threat of foreclosure, is not an action *prohibited by law* when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) (Stickney, J.) (citations omitted) (emphasis added). Defendants' alleged failure to abide by the notice provisions of section 51.002 is therefore immaterial to the inquiry. *See Rucker*, 806 F.3d at 831 (noting that, "irrespective of any statutory notice requirements," a mortgagee does not violate section 392.301(a)(8) when it retains its contractual right to foreclose, and the mortgage is in default). Plaintiff's claim based on this section should be dismissed.

c. Texas Financial Code section 392.303(a)(2)

Section 392.303(a)(2) prohibits mortgage servicers from using unconscionable or unfair methods such as "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless [the fee] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." *Rucker*, 806 F.3d at 831.

9

Plaintiff alleges that Defendants violated section 392.303(a)(2) by:

(1) failing to properly account for and acknowledge payments she made and then demanding payment of sums in excess of those permitted under the note and DOT;

(2) sending notices of acceleration asserting incorrect balances that did not reflect the posting of substantial sums paid to or for Defendants through a bankruptcy trustee; and

(3) threatening to conduct one or more substitute trustee sales to deprive Plaintiff of the Property.

Doc. 1-4 at 5.

Defendants argue as an initial matter that all of Plaintiff's TDCA allegations lack sufficient factual support and are mere conclusions that fail to state a claim. Doc. 5 at 13. Defendants further assert that Plaintiff has failed to state a claim under section 392.303(a)(2) because she does not specify facts that would demonstrate: (1) how Defendants allegedly demanded sums in excess of that permitted by the note and DOT; or (2) how Defendants failed to properly account for and acknowledge her payments. Doc. 5 at 14. Plaintiff responds that discovery is necessary to determine the exact amounts charged to her loan. Doc. 11 at 7.

To state a claim under section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must specifically identify the unauthorized fees or penalties that the defendant imposed. *See Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 240 (5th Cir. 2014); *Clark v. Wells Fargo Bank, N.A.,* No. 3:18-CV-1147-G-BN, 2018 WL 6048007, at *6 (N.D. Tex. Oct. 25, 2018) (Horan, J.) (collecting cases), *adopted by* 2018 WL 6042886 (N.D. Tex. Nov. 16, 2018). In *Williams*, the plaintiffs argued that the defendant "imposed numerous charges" and their account was assessed wrongful charges related to tax and insurance on the property. 560 Fed. App'x at 240. The appellate court held that because the plaintiffs had

10

"failed to allege that the imposition of any of the charges was not authorized by the parties' agreement or not legally chargeable to them," their general assertion of "wrongful charges" was insufficient to state a claim under section 392.303(a)(2). *Id.*

By contrast, in the instant case, Plaintiff did specify that Defendants failed to properly account for payments she made, demanded that she submit excessive funds, and sent inaccurate notices of acceleration that did not reflect the posting of sums paid by both Plaintiff and the bankruptcy trustee. Doc. 1-4 at 5. Plaintiff is not required to calculate her exact monetary damages at this stage of the litigation. Consequently, Plaintiff has stated a claim for a violation of section 393.302(a)(2), and dismissal of that claim is not warranted at this time.

d. Texas Financial Code section 392.304(a)(8)

"Section 392.304(a)(8) prohibits mortgage servicers from making misrepresentations about a debt." *Rucker*, 806 F.3d at 832. Plaintiff asserted in her petition that Defendants used deceptive practices and misrepresented the status of her debt and/or made a fraudulent representation to Plaintiff when: (1) Ocwen failed to properly account for payments Plaintiff made, resulting in wrongful acceleration of the note; (2) Defendants demanded that Plaintiff pay one or more sums above the amounts provided by the note and DOT "that were not owed to Defendants related to foreclosure activity"; and (3) Defendants issued at least one notice of acceleration which failed to reflect posting of sums paid to Defendants through the bankruptcy trustee. Doc. 1-4 at 5-6.

Defendants contend that Plaintiff did not allege that they made any specific factual statements that were false or misleading. Doc. 5 at 14-15. Defendants also argue that Plaintiff has not alleged that any of their purported misrepresentations caused her to believe that she did not

have a mortgage debt of the specific amount she owed or had not defaulted. Doc. 5 at 15. Plaintiff responds that Defendants' notices of sale violated the Texas Property Code because they use "inherently false and deceptive means" in attempt to collect the alleged debt. Doc. 11 at 7.

To state a claim under section 392.304(a)(8), Plaintiff must allege that Defendants "made a misrepresentation that led her to be unaware: (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker*, 806 F.3d at 832. Upon consideration, the Court finds that Defendants' alleged failure to account for the payments Plaintiff made and their demand that she pay more than she owed could constitute a misrepresentation of "the specific amount she owed." *Id.* The same holds true for Plaintiff's allegation that Defendants have not accounted for the funds, if any, that they received through the bankruptcy trustee. As such, dismissal of this claim is not warranted at this stage.

e. Texas Financial Code section 392.304(a)(19)

This section is a "catch-all provision" which prohibits the use of "any other false representation or deceptive means to collect a debt." *Williams*, 560 Fed. App'x at 240-41. Plaintiff asserted in her petition that Defendants violated this section by (1) failing to properly account for payments Plaintiff made; and (2) demanding that she remit funds not required by the note and/or DOT. Doc. 1-4 at 5-6.   As before, Defendants argue that this claim should be dismissed because Plaintiff did not allege any affirmative statements they made that were false or misleading. Doc. 5 at 15. Plaintiff responds that Defendants' acts of issuing notices of sale either without authority or without complying with the notice provisions in the Property Code are inherently false and deceptive statements. Doc. 11 at 7.

As an initial matter, Plaintiff's response brief on this count does not comport with the factual allegations and legal theory she set forth in her petition. Indeed, she presents novel arguments regarding how Defendants allegedly violated section 392.304(a)(19). *Compare* Doc. 1-4 at 5-6 (petition stating that Defendants violated section 302.304(a)(19) by failing to properly account for payments Plaintiff made and demanding money that she did not owe under the note and/or DOT) *with* Doc. 11 at 7 (response brief arguing that Defendants violated section 302.304(a)(19) by issuing notices of sale either without authority or not in compliance with the Property Code).   In failing to respond to Defendants' arguments on the grounds alleged in the petition, Plaintiff arguably has abandoned her theory of liability for the section 392.305(1)(19) claim. *See, e.g.*, *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that plaintiff abandoned her claim when she failed to defend it in response to a motion to dismiss). Nevertheless, in the interests of justice, the Court addresses the issue on the merits.

To maintain a claim under section 392.304(a)(19), Plaintiff must allege that Defendants made an "affirmative statement" that was false or misleading. *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). Considering the four theories Plaintiff raised across her petition and response brief,[2] only her contention that Defendants demanded money from her that was not due states a claim under section 392.304(19). The remainder of the allegations – improper accounting, issuing notices of sale without authority, and failure to comply with the Property Code – fail to state a claim because Plaintiff does not allege that Defendants made an

---

[2] Even if the Court construed Plaintiff's response as a motion to amend her complaint, neither of the theories she raised in her response brief is viable, as noted *infra*.

13

"affirmative statement" that was false or misleading. *Thompson*, 783 F.3d at 1026. Accordingly, this claim should be dismissed only in part.

### 5. Declaratory and Injunctive Relief

Defendants next urge that Plaintiff's requests for declaratory and injunctive relief should be dismissed because she has failed to state any viable causes of action. Doc. 5 at 16-17. Plaintiff responds that she has established a clear basis for both types of relief. Doc. 11 at 9.

Plaintiff's state declaratory judgment claim is construed as an action seeking relief under the federal Declaratory Judgment Act. *See Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (stating that when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act). That Act provides that any federal court may declare the rights and legal relations of any interested party. The availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

Similarly, injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses all underlying substantive claims. *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509-N, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions*, LLC, No. 11-CV-0109-D, 2011 WL 1833022, at *4 (N.D. Tex. May 13, 2011) (Fitzwater, C.J.)). Because Plaintiff has stated more than one cognizable claim for substantive relief, her requests for declaratory and injunctive relief should not be dismissed at this time. *See Watson v. CitiMortgage, Inc.*, 814 F.Supp.2d 726, 738 (E.D. Tex. 2011).

**D. Leave to Amend**

Plaintiff has requested an opportunity to amend her complaint in the event that the Court concludes that she has failed to state a claim. Doc. 11 at 8-9. A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiff has not previously been granted leave to amend her complaint and requests to do so. Thus, if this recommendation is accepted, Plaintiff should be given the opportunity to file an amended complaint. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (holding that dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified).

**E. Conclusion**

For the foregoing reasons, *Defendant's Motion to Dismiss*, Doc. 4, should be **GRANTED IN PART**. If, within 14 days of the District Judge's Order accepting this recommendation, Plaintiff fails to amend her complaint to cure the deficiencies noted herein, at the re-urging of Defendants, those claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on March 6, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

15

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).