IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL JENKINS, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 18-CV-1163-G-BK |
| | § | |
| OCWEN LOAN SERVICING LLC, | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| CO., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned for pretrial management.   The Court now considers *Defendants' Motion for Summary Judgment*, Doc. 30, for the issuance of findings and a recommended disposition.   For the reasons that follow, the motion should be **GRANTED**.

I.      PROCEDURAL BACKGROUND

In April 2018, Plaintiff filed a petition in state court seeking to prevent the impending foreclosure sale of her home (the "Property"), the purchase of which was secured by a Note and Deed of Trust (the "Deed").   Plaintiff alleged various violations of the Texas Debt Collection Act ("TDCA") and the Texas Property Code, as well as breach of contract. Doc. 1-4 at 4-8. After the state court granted Plaintiff a temporary restraining order, Doc. 1-5 at 1-4, Defendants removed the case to this Court based on diversity jurisdiction.   Doc. 1 at 3, 9-10.   This Court subsequently dismissed some of Plaintiff's claims upon Defendants' motion.   Doc. 14.

Plaintiff later filed the operative complaint, alleging, *inter alia*, that Defendants violated the TDCA when they (1) failed to provide her with proper notice of acceleration of the Note and

the substitute trustee's sale; (2) wrongfully collected or attempted to collect monies from her

which (a) did not properly account for loan payments Plaintiff had made and (b) threatened to

deprive her of title and use of the Property (3) used deceptive acts or practices and made

fraudulent representations to Plaintiff by failing to properly account for payments she made; and

(4) used deceptive acts or practices and made a fraudulent representations to Plaintiff by

demanding payment of sums above the amounts permitted under the Note and Deed.   Doc. 15 at

4-6.   Plaintiff also seeks statutory and common law injunctive relief and a declaratory judgment.

Doc. 15 at 9-11.   Defendants now move for summary judgment.   Doc. 30.

**II.**     **APPLICABLE LAW**

Summary judgment will be granted when the record shows that there is no genuine

dispute as to any material fact and that the moving party is entitled to judgment as a matter of

law.   FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).   A dispute

regarding a material fact is "genuine if the evidence is such that a reasonable jury could return a

verdict in favor of the nonmoving party."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).   When ruling on a motion for summary judgment, the court is required to view all facts

and inferences in the light most favorable to the nonmoving party and resolve all disputed facts

in favor of the nonmoving party.   *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir.

2005).   Once the moving party has made an initial showing that there is no evidence to support

the nonmoving party's case, the party opposing the motion must come forward with competent

summary judgment evidence showing the existence of a genuine dispute of material fact.

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

To maintain a cause of action under the TDCA, a plaintiff must show that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the action was against the plaintiff; and (5) the plaintiff was injured due to the defendant's wrongful act.  *Searcy v. CitiMortgage, Inc.*, 733 Fed. App'x 735, 739 (5th Cir. April 25, 2018) (citing, *inter alia*, *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986)); *Sgroe v. Wells Fargo Bank*, N.A. 941 F.Supp.2d 731, 743 (E.D. Tex. 2013).

## III.    ANALYSIS

Defendants make several arguments in favor of summary judgment, but a discussion of all of them is not necessary because one is dispositive.   Specifically, Defendants assert that none of Plaintiff's TDCA claims can survive because she has produced no evidence that she suffered any injury or damages.   Doc. 31 at 16.   Indeed, as Defendants point out, Plaintiff has not submitted any evidence whatsoever in support of her claims.   Plaintiff does not directly address this argument and only asserts that Defendants' evidence demonstrates that they charged her

> for the expenses associated with their wrongfully issued notices of default and opportunity to cure and trustee sale notices and the accompanying acceleration notice.   Since there had been no mandatory, unavoidably necessary notice of default and opportunity to cure, there could have been no lawfully issued acceleration or trustee sale notice, hence the charges for the same were each and all wrongful and constituted damages.

Doc. 39 at 8-9 (citing Deft. Ex. A-7, "particularly the top two lines of 344 and 347").[1]

---

[1] Plaintiff also reiterates some arguments this Court has already rejected — including that Defendants lacked the authority to issue predicate notices of the trustee's sale and that Plaintiff can assert a claim of wrongful attempted foreclosure — and continues to argue that Defendants breached the parties' contract and wrongfully foreclosed on the Property, which claims already have been dismissed.   *See* Doc. 13 at 5-8 (FCR); Doc. 14 (order accepting); Doc. 39, *passim*.

The TDCA requires a plaintiff to show "actual damages sustained as a result of a violation of [the TDCA]" for an award of monetary damages.   TEX. FIN. CODE § 392.403(a)(2). The charges to which Plaintiff specifically directs the Court are associated with Defendant Ocwen's mailing documents to her and appear on the lengthy transaction history for Plaintiff's loan on the Property dating from November 2012 through May 2019, which shows the application of payments by Plaintiff and her eventual default.   *See* Doc. 32-8 at 3, 6.   But Plaintiff has not demonstrated how she was injured by the mailing fees simply being added to her transaction history.   *See Elston v. Resolution Serv., Inc.*, 950 S.W.2d 180, 185 (Tex. App.— Austin, 1997) (affirming grant of summary judgment on debt collection claim brought under predecessor statute where plaintiff failed to "establish he suffered a compensable injury."). Accordingly, Plaintiff's TDCA claims for damages should be dismissed.

Plaintiff separately seeks injunctive relief under TDCA section 392.403(a)(1).   Doc. 15 at 10-11.   In response to Defendants' summary judgment motion on this claim, however, Plaintiff asserts only that she is entitled to such relief due to Defendants' failure "to follow applicable law in acting with capacity."   Doc. 39 at 9.   To the extent that this is even adequately briefed, the argument is meritless because the Court already has found that Defendant Deutsche had the capacity to appoint substitute trustees and foreclose on the Property.   *See* Doc. 13 at 5 (FCR); Doc. 14 (order accepting).

Because all of Plaintiff's substantive claims fail, her remaining requests for common law injunctive relief and relief under the federal Declaratory Judgment Act do so as well.   *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (holding that availability of declaratory judgment "presupposed the existence of a judicially remediable right"); *Green v. JPMorgan Chase Bank,*

4

*N.A.*, 937 F.Supp.2d 849, 864-65 (N.D. Tex. 2013) (ruling that because substantive claims had

been dismissed, defendants were also entitled to summary judgment on plaintiff's claim for

injunctive relief).   Accordingly, summary judgment should be granted to Defendants on all of

Plaintiff's claims.

**IV.    CONCLUSION**

For the foregoing reasons, *Defendants' Motion for Summary Judgment*, Doc. 30, should

be **GRANTED** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on July 24, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND NOTICE OF
RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).